**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| Steve Masengale, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case 7:22-cv-148 |
| | ) | |
| Peraton, Inc., | ) | |
| Defendants. | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE U.S. DISTRICT JUDGE:

Plaintiff, Steve Masengale ("Plaintiff"), brings this action against Defendant Peraton, Inc. ("Defendant" or "Defendants"), and in support thereof, would show the Court as follows:

**Introduction**

1. Plaintiff brings this action for unpaid wage compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201, et seq. Plaintiff seeks damages for unpaid wages, liquidated damages, and reasonable attorneys' fees and costs.

**Jurisdiction, Venue, and Parties**

2. Jurisdiction is conferred on this Court by 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant operated their business in Hidalgo County, Texas, and Plaintiff worked for Defendant in Hidalgo County, Texas.

4. Plaintiff is an individual who resides in Hidalgo County, Texas.

5. Defendant is a Virginia corporation authorized to do business under the laws of the State of Texas, and at all times material to this complaint, operated in Hidalgo County, Texas.

**Facts**

6. Defendant is a privately held American technology company with areas of service including space, intelligence, cybersecurity, defense, homeland security, and health and an employer as defined by 29 U.S.C. § 203(d).

7. Defendant has employees subject to the provisions of 29 U.S.C. § 206.

8. At all times material to this complaint, Defendant employed two or more employees and, upon information and belief, had an annual dollar volume of sales or business done of at least $500,000.

9. Plaintiff alleges the following related to his employment with Defendants:

   a) he worked from  April 2020 to January 2022;

   b) he worked as an  aerostat operator and maintained surveillance balloons;

   c) any tips he received were *de minimis;*

   d) he worked 60 hours per week on average;

   f) his hourly salary was $37.775;

   g) he did not receive time and a half for hours he worked in excess of 40 in any work week;

see attached Exhibit A.

10. Plaintiff was at all times materially individually engaged in interstate commerce, as her/his work used materials shipped in interstate commerce.

11. During one or more weeks during Plaintiff's employment with Defendant, Plaintiff worked in excess of forty (40) hours.

12. Throughout the employment of Plaintiff, Defendant repeatedly and willfully violated Sections 7 and 15 of the FLSA by failing to compensate Plaintiff at a rate not less than one and one-half times her regular pay rate of pay for each hour worked in excess of 40 hours in a workweek.

13. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime wages that should have been paid but were not paid.

14. Defendant failed to act reasonably to comply with the FLSA, and as such, Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid wages deemed to be owed pursuant to 29 U.S.C. § 216(b).

15. Plaintiff is also entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees, and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

16. Plaintiff has retained the law firm of Justicia Laboral LLC to represent him/her in this action. Plaintiff has entered into a valid contract with Justicia Laboral LLC and has appointed the undersigned counsel to be his/her agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff. To avoid tortious interference with Plaintiff's obligations to her attorneys in this suit, all communications concerning this suit must be made by Defendants' attorneys solely to and through the undersigned counsel. Plaintiff's contract with and representation by the undersigned attorney gives rise to a claim for reasonable and necessary attorneys' fees that Plaintiff is entitled to collect against Defendants pursuant to 29 U.S.C. § 216(b).

### Request for Relief

For these reasons, Plaintiff demands judgment, jointly and severally, against Defendant Peraton Inc. as follows:

a. Unpaid overtime wages and/or minimum wages found to be due and owing, totaling at least $123,524.25;

b. An additional amount equal to the amount of overtime wages and/or minimum wages found to be due and owing as liquidated damages;

c. Prejudgment interest in the event liquidated damages are not awarded;

d. Reasonable attorneys' fees, costs, expert fees, mediator fees, and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. §216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and

e. For any such other relief as the Court may find proper, whether at law or in equity.

**Plaintiff(s) request trial by jury for all counts where allowed**

s/   James M. Dore

**Justicia Laboral LLC**
**James M. Dore (TX Bar # 6296265)**
*Attorneys for Plaintiffs*
6232 N. Pulaski Road, Suite 300
Chicago, IL. 60646
P: 773-415-4898
E: jdore@justicialaboral.com

**TX2200F4360 Masengale v.Peraton inc**

| Dates | OT Hrs Week | Total Wks | Total OT Hours | OT Wage Rate | Paid Wage | Unpaid OT Wages Owed |
|---|---|---|---|---|---|---|
| 4/2020 - 1/2022 | 60 | 109 | 6540 | $56.66 | $37.78 | $123,524.25 |